

687 A.2d 748

A.D. AND J.D., PLAINTIFFS–APPELLANTS, v. LEONARD
FRANCO, ESQ., DEFENDANT–RESPONDENT.

A.D. AND J.D., PLAINTIFFS–APPELLANTS, v. CHRISTIAN M.
HANSEN, M.D. AND DYFS, DIVISION OF YOUTH AND FAMI-
LY SERVICES, MEDICAL ASSISTANCE UNIT, DEFENDANTS–
RESPONDENTS.

A.D. AND J.D., PLAINTIFFS–APPELLANTS, v. DEPUTY ATTOR-
NEY GENERAL JOAN HOLLERAN WALSACK AND W. CARY
EDWARDS, ATTORNEY GENERAL OF NEW JERSEY, DEFEN-
DANTS–RESPONDENTS.

A.D. AND J.D., PLAINTIFFS–APPELLANTS, v. MCCABE
AMBULANCE SERVICE AND MICKEY MCCABE,
DEFENDANTS–RESPONDENTS.

A.D. AND J.D., PLAINTIFFS–APPELLANTS, v. THE DIVISION OF
YOUTH AND FAMILY SERVICES, AND DIRECTOR THOMAS
BLATNER, AND ACTING DIRECTOR WILLIAM WALDMAN,
AND THE BAYONNE DYFS AGENCY, AND THE ADOPTION
RESOURCE CENTER; ALSO LIANA MOLINA, VALERIE KEL-
LY, STEPHEN JUNG, ANNECIA NORWOOD, MARISO NARAN-
JO, LEONA HEINRICH, SUSAN DONNELLY, LILLIAN BREN-
NAN, SCOTT SEMMEL, LEA MCGOUGH, EILEEN PHELAN,
ROBERT RUBINSKI(Y), ANDREA TORRES, ARLENE JAKUVIK
AND JOHN TANGEMAN, DEFENDANTS–RESPONDENTS.

A.D. AND J.D., PLAINTIFFS–APPELLANTS, v. JOSEPH
APICELLA, ESQ., DEFENDANT–RESPONDENT.

A.D. AND J.D., PLAINTIFFS–APPELLANTS, v. JOSEPH

1

CONTALDI, ESQ., DEFENDANT–RESPONDENT.

———

A.D. AND J.D., PLAINTIFFS–APPELLANTS,
v. JUDGE J. LEONARD HORNSTEIN,
DEFENDANT–RESPONDENT.

———

A.D. AND J.D., PLAINTIFFS–APPELLANTS, v. CITY OF
BAYONNE AND BAYONNE POLICE DEPARTMENT,
DEFENDANTS–RESPONDENTS.

———

A.D. AND J.D., PLAINTIFFS–APPELLANTS, v. THOMAS
HARTLEY, ESQ., DEFENDANT–RESPONDENT.

———

A.D. AND J.D., PLAINTIFFS–APPELLANTS, v. WENDY
MATTHEWS, PhD., DEFENDANT–RESPONDENT.

———

A.D. AND J.D., PLAINTIFFS–APPELLANTS, v. DREW ALTMAN,
COMMISSIONER, DEFENDANT–RESPONDENT.

———

A.D. AND J.D., PLAINTIFFS–APPELLANTS, v. HAMID
MOUSSAVIAN, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted May 4, 1993—Decided May 19, 1993.

Before Judges PRESSLER, MUIR, Jr. and KESTIN.

*A.D.* and *J.D.*, appellants, have filed *pro se* briefs.

Respondent's brief in A–2997–89T5 has been suppressed. *Robert J. Del Tufo*, Attorney General, attorney for respondents (*Andrea M. Silkowitz*, Assistant Attorney General, of counsel and on the brief in A–2998, 2999, 3001, 3002, 3005, and 3010–89T5).

*Garrity, Fitzpatrick, Graham, Hawkins & Favetta*, attorneys for respondents (*Michael B. Adelhock*, on the brief in A–3000–89T5).

*Zulima V. Farber*, Public Defender, attorney for respondents (*Diana Johnston*, Assistant Public Defender, of counsel and on the brief in A–3003, 3004 and 3007–89T5).

*City of Bayonne Law Department*, attorneys for respondents (*John F. Coffey, II*, Assistant City Attorney, on the brief in A–3006–89T5).

*Francis & Berry*, attorneys for respondent (*Evelyn C. Farkas* and *Peter A. Olsen*, on the brief in A–3009–89T5).

*Shanley & Fisher*, attorneys for respondent (*Richard E. Brennan*, of counsel; *Peter O. Hughes*, on the brief in A–3011–89T5).

PER CURIAM.

These fourteen appeals, which we now consolidate for purposes of this opinion, arise out of proceedings brought by the Division of Youth and Family Services (DYFS) to obtain custody of the children of appellants, followed by proceedings to terminate appellants' parental rights. After more than three years of litigation, a final judgment was entered in April 1988 terminating appellants' parental rights to six of their seven children. During and after

the pendency of the various DYFS proceedings in the trial court, appellants filed numerous tort and civil rights complaints against virtually all of the people—the judge, the lawyers, the psychiatrists, and the DYFS personnel, among others—who had anything to do with the judicial and administrative actions leading to their loss of their children. These complaints, after consolidations of some of them, were considered by way of seven separate proceedings by Judge Villanueva, then sitting in the Superior Court, Law Division, in Essex County. Between November 1988 and January 1989, he granted summary judgment to each of the moving defendants, dismissing all of the complaints. These appeals are taken from those summary judgments.

During the pendency of these appeals, we affirmed the underlying parental termination judgment in *New Jersey Division of Youth and Family Services v. A.D. and J.S.D.*, No. A–5565–87T2 (App.Div. July 3, 1990), *certif. denied*, 127 *N.J.* 320, 604 *A.*2d 596 (1990). Prior to rendering our decision in that case, we had remanded to the trial court for its consideration of appellants' motion for a new trial based on newly discovered evidence. That motion was denied and we affirmed the order of denial by the same opinion in which we affirmed the termination judgment. We concluded that opinion with the following observations:

> The evidence of abuse and neglect of these children is overwhelming. We find no substance to A.D.'s allegations that all phases of this litigation were contrived or the result of pressure on the children to achieve other selfish ends.

> The trial judge's findings are fully supported by a record that reeks of abuse and neglect. The violence and abuse suffered by this family, inflicted in the main by A.D. and to an appreciable degree by J.S.D., were persuasive. A.D.'s criminal conviction is only the beginning of this sad state of affairs. The record clearly and convincingly demonstrates actions by A.D. and J.S.D. which include physical and sexual assaults, excessive alcoholic activity and the failure to provide proper food and shelter. The decision to terminate parental rights is mandated by all the evidence. A.D.'s response is that all who have had anything to do with this case are wrong and he alone is a victim of abuse by DYFS, counsel and the court. He is wrong. His case and that of his wife are without basis in fact. These children will now have a chance at a somewhat normal life. They are entitled to that chance.

[*Id.* at 12–13]

To a large measure, therefore, we have already considered and rejected many of the same arguments that are made by appellants in support of these dismissed collateral complaints. We find no greater merit in their attack upon judicial, executive, and administrative personnel made in these collateral complaints than we did when we considered the same attacks on the underlying appeal. In any event, we have carefully reviewed the record in all of these cases, and we are satisfied that all of the complaints are foreclosed by principles of res judicata, collateral estoppel, immunity from suit, and failure to state a claim as to which relief can be granted.

We consider each of the cases seriatim.

The actions under Docket Numbers A–3003–89T5, A–3004–89T5, and A–3007–89T5 are, respectively, against Joseph Apicella, an attorney assigned by the Office of the Public Defender to represent the father in DYFS's initial proceeding; Joseph Contaldi, similarly assigned to represent the mother; and Thomas Hartley, the law guardian appointed for the children in that proceeding. Judge Villanueva's opinion explaining his reasons for dismissing the complaints against these defendants is reported at 238 N.J.Super. 288, 569 A.2d 854 (Law Div.1989). We affirm substantially for the reasons so stated.

The actions under Docket Numbers A–2998–89T5, A–2999–89T5, A–3001–89T5, A–3002–89T5, A–3005–89T5 and A–3010–89T5 are the subject of Judge Villanueva's opinion reported at 238 N.J.Super. 323, 569 A.2d 872 (Law.Div.1989). The defendants in this group of actions include the trial judge who presided over the DYFS proceedings, the Attorney General of the State of New Jersey, the Deputy Attorney General representing DYFS, DYFS itself and a number of its agencies, officials and employees, the Acting Commissioner of the Department of Human Resources, and a psychiatrist employed by the Medical Assistance Unit of DYFS. We affirm the summary judgments dismissing these complaints for the reasons stated by Judge Villanueva in his reported opinion and for the supplementary reasons orally stated by him on May 30, 1989, in dismissing an amended complaint.

The actions under Docket Numbers A–3000–89T5 and A–3006–89T5 are, respectively, against McCabe Ambulance Service and its principal and against the City of Bayonne and its police department. These actions arise out of these defendants' participation in the removal from appellants' home of their child M., then two-weeks old, together with the infant's apnea monitor, pursuant to court order. Judge Villanueva, in his oral opinion of November 17, 1988, concluded that the removal, contrary to appellants' assertions, had been pursuant to a proper court order and hence that the complaint failed to state a cause of action against these defendants. We affirm the ensuing summary judgments on that ground.

The action under Docket Number A–3009–89T5 is against a pediatric psychologist who, on referral by DYFS, evaluated appellants' child J., then just under one year old, about a month after she was placed in foster care. The purpose of the evaluation was to assess the child's level of intellectual, social, emotional and behavioral functioning and to offer recommendations for her development. The psychologist found that the child was "functioning in a delayed range developmentally and intellectually, possibly as a result of early deprivation and abuse." Appellants allege that the report was fraudulent and part of the existing conspiracy to deny them their children. We affirm the summary judgment dismissing the complaint substantially for the reasons orally stated by Judge Villanueva on November 17, 1988.

The action under Docket Number A–3011–89T5 is against the psychiatrist who, on referral by DYFS, evaluated appellants' four oldest children shortly after they were placed in foster care. His report concluded that all the children suffered from adjustment disorders, one had a functional disorder, all had been physically abused by their father, and three had been sexually abused by him. Appellants contend that the report was maliciously false and incomplete. We affirm the summary judgment dismissing this complaint substantially for the reasons orally stated by Judge Villanueva on November 10, 1988.

The action under Docket Number A–2997–89T5 is against the attorney appointed as the children's guardian *ad litem* in the termination proceedings. He too is alleged to be part of the conspiracy and to have violated the civil and constitutional rights of the children and the parents. We affirm the summary judgment dismissing this complaint substantially for the reasons orally stated by Judge Villanueva on January 17, 1989.

In summary, all the summary judgments appealed from dismissing all the complaints enumerated herein are affirmed.