767 A.2d 530 (2001)
337 N.J. Super. 474
Noel TURNER, Appellant,
v.
DEPARTMENT OF HUMAN SERVICES, Respondent.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 2001.
Decided March 6, 2001.
Bruce M. Gorman, Rio Grande, argued the cause for appellant (Gorman & Rauh, attorneys; Mr. Gorman on the brief).
Carol Johnston, Deputy Attorney General, argued the cause for respondent (John J. Farmer, Jr., Attorney General, attorney; Mary C. Jacobson, Assistant Attorney General, of counsel; Ms. Johnson, on the brief).
Before Judges HAVEY, CUFF[1] and LISA.
*531 The opinion of the court was delivered by LISA, J.A.D.
Plaintiff appeals from a final decision of the Executive Commission on Ethical Standards ("ECES") which determined that because of her status as an employee of the Department of Human Services ("DHS") she is prohibited by the Conflicts of Interest Law ("Conflicts Law"), N.J.S.A. 52:13D-12 to -26, from serving as a pool attorney for the Office of the Public Defender ("OPD"). Plaintiff argues that this determination is erroneous because there is no contract between a pool attorney and a state agency due to the special nature of the OPD and because the unique status of attorneys necessitates a special application of the Conflicts Law. We reject these contentions and affirm.
Plaintiff is a full-time employee of the DHS, serving as assistant supervisor of professional and residential services at Woodbine Developmental Center. She was initially authorized by DHS to represent OPD clients as a pool attorney, and she did so. Upon further review, however, that authorization was revoked. She appealed to the ECES, which, by order of October 29, 1999, upheld the DHS decision.
N.J.S.A. 52:13D-19a prohibits any state employee from undertaking any contract or agreement of a value of $25 or more, which was made, entered into, awarded or granted by any state agency .[2] Plaintiff argues that for purposes of this law the OPD should not be considered a "state agency." Instead, she argues, it is "essentially an independent entity" created by the Legislature to fulfill the State's constitutional obligation to provide representation to indigent criminal defendants, N.J.S.A. 2A:158A-1.[3] Although the OPD is allocated to an executive branch department, "notwithstanding said allocation, the office shall be independent of any supervision or control by the department or by any board or officer thereof." N.J.S.A. 2A:158A-3. Plaintiff further relies on N.J.S.A. 2A:158A-11, which states:
The primary duty of all members of [OPD] staff and of others engaged on a case basis [pool attorneys] shall be to the individual defendant, with like effect and to the same purpose as though privately engaged by him [or her] and without regard to the use of public funds to provide the service. This shall not preclude the designation or assignment of different individuals to perform various parts of the service from time to time, the duty in such cases to be the same as would exist in the case of a privately engaged law firm.
According to plaintiff, therefore, the OPD, which handles cases in opposition to the State is, of necessity, independent of the State, and should not be deemed a "state agency" for purposes of the Conflicts Law.
In any event, plaintiff argues, a pool attorney, in actuality, represents the individual client, and therefore "contracts" with the client, not the OPD. Attorneys are ethically obligated to represent the interest of their clients, a principle which is statutorily affirmed for OPD staff and pool attorneys in N.J.S.A. 2A:158A-11. As further support for this argument, plaintiff points out that although the OPD pays the pool attorney for services rendered, the indigent defendant bears the ultimate responsibility for payment, N.J.S.A. 2A:158A-16, enforced by a lien on the defendant's property. N.J.S.A. 2A:158A-17. Under this system, according to plaintiff, the client is actually paying for the attorney's services, with the OPD merely advancing the funds.
*532 We find these arguments unpersuasive. Defendants who are determined to be indigent are eligible for representation by the OPD. N.J.S.A. 2A:158A-14. Once eligibility is determined, the Public Defender ("PD") determines the assignment of cases, considering "the nature, complexity and other characteristics of the cases, the services to be performed, the status of the matters, and other relevant factors." N.J.S.A. 2A:158A-8. The PD is empowered to compensate pool attorneys for their services, N.J.S.A. 2A:158A-7(d), in accordance with rates determined by the PD, N.J.S.A. 2A:158A-7(h). It is the PD, not the pool attorney, who is charged with the responsibility of attempting to collect "in the name of the State" from the OPD clients. N.J.S.A. 2A:158A-19. The pool attorney is paid in full regardless of the success of the collection effort.[4]
The PD designates the attorney (staff or pool) to handle each case without regard to client preference. N.J.S.A. 2A:158A-9. It is the OPD, not the individual attorney (whether staff or pool), who represents the client and is the attorney of record. Further, the PD must also authorize expenses to be incurred in the representation, for experts, consultants, transcripts, etc. Delbridge v. Office of Pub. Defender, 238 N.J.Super., 288, 319-23, 569 A.2d 854 (Law Div.1989), aff'd sub nom., A.D. v. Franco, 297 N.J.Super. 1, 687 A.2d 748 (App.Div.1993), certif. denied, 135 N.J. 467, 640 A.2d 849 (1994), cert. denied sub nom., Delbridge v. Franco, 513 U.S. 832, 115 S.Ct. 108, 130 L.Ed.2d 56 (1994).[5]
Contrary to plaintiff's contention, any attorney in good standing cannot be placed in the pool merely for the asking. The PD must select attorneys for inclusion in the pool. N.J.S.A. 2A:158A-8. The PD is then empowered to "engage" counsel from the pool as necessary for the proper performance of the office. N.J.S.A. 2A:158-7(d).
The pool attorney thus has a contractual relationship with the OPD, not the client, notwithstanding that he or she, like a staff attorney, owes his or her fidelity to the client. The OPD is not a unique entity within the state government. It's "in but not of" status, "independent of any supervision or control," N.J.S.A. 2A:158A-3, is common to other state agencies. See New Jersey Public Broadcasting Authority, N.J.S.A. 48:23-3; Division of Public Employment Relations, N.J.S.A. 34:13A-5.1; and Pinelands Commission, N.J.S.A. 13:18A-4a. Nor is the OPD rendered unique for purposes of the Conflicts Law because of its function. The plain language of N.J.S.A. 52:13D-19 applies to all state agencies, regardless of their function. The Legislative enactment is clear and unambiguous and should be applied as written. Sheeran v. Nationwide Mut. Ins. Co., Inc., 80 N.J. 548, 556, 404 A.2d 625 (1979).
Against this plain language, plaintiff further argues that when the contracting party is an attorney, a special rule of construction applies. Plaintiff relies on In re Executive Commission on Ethical Standards Re: Appearance of Rutgers Attorneys, 116 N.J. 216, 561 A.2d 542 (1989), and argues that an "appearance of impropriety" analysis is required to determine whether she falls within the proscription of the Conflicts Law. In Rutgers, the Court carved out a very narrow exception in holding that the representation of clients before a state agency by the clinical legal program and the teaching supervisor of a state law school did not violate the Conflicts Law. The Court grounded its holding upon the unique status of the University as a hybrid public and private institution, and *533 concerns for academic freedom. Id. at 223-24, 561 A.2d 542. Since those factors are not present here, there is no basis for extending the Rutgers holding.
The role of the court in reviewing an agency determination is very limited. Such a determination will not be upset unless it is shown that it was arbitrary, capricious or unreasonable. Campbell v. Department of Civil Serv., 39 N.J. 556, 562, 189 A.2d 712 (1963). Plaintiff has made no such showing.
We hold that the OPD is a state agency, and an attorney who serves as a pool attorney contracts with that state agency. Where the attorney is a state employee, such a contract is prohibited by N.J.S.A. 52:13D-19a.
Affirmed.
NOTES
[1] Judge Cuff did not participate in oral argument. However, with the consent of counsel she has joined in this opinion. R. 2:13-2(b).
[2] This section of the statute contains certain exceptions which are inapplicable here.
[3] In addition to criminal cases, plaintiff also handled Law Guardian cases through the OPD. N.J.S.A. 9:6-8.43a; N.J.S.A. 30:4C-15(c).
[4] The ECES points out that the OPD has experienced a recovery rate from its clients of only about three percent.
[5] In Delbridge, the court analyzed various characteristics of the relationship between pool attorneys and the OPD, and concluded that for purposes of the Tort Claims Act, N.J.S.A. 59:1-1 to 59:12-3, pool attorneys are public employees.